UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM
AND ORDER**
08-CR-428 (KAM)

-against-

RUPINDER KAUR,

Defendant.
--------------------------------------------------------------X

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE**:

Defendant Rupinder Kaur is charged, by Superseding Indictment filed on November 19, 2008, with embezzling over $1,000 in United States currency which came under her control as an employee of the United States Postal Service ("USPS"), in violation of 18 U.S.C. § 1711 ("Count One"); and with making a false entry and record of a matter related to and connected with her duties as a postal employee, with intent to deceive, mislead, injure and defraud, in violation of 18 U.S.C. § 2073 ("Count Two"). On December 4, 2008, the defendant filed a motion to dismiss both counts the Superseding Indictment. For the reasons set forth below, the motion is denied.

**I.    Count One:  Embezzlement**

The defendant argues that Count One of the Superseding Indictment should be dismissed because "the government's reliance on one clause of the statute is not supported by the government's recitation of the facts forming the basis of the charge," and the superseding indictment therefore gives the defendant inadequate notice of the charges against her. (Doc. No. 35: Def. Mem. at 1.)

Count One of the Superseding Indictment charges:

### COUNT ONE
(Embezzlement)

In or about and between October 2001 and March 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant RUPINDER KAUR, being an employee of the United States Postal Service, did knowingly and intentionally convert to her own use money and property, to wit: an amount in excess of $1,000 of United States currency, which had come into her hands and under her control in the execution of her employment, and failed and refused to account for and turn over to the proper officer or agent, any such money and property, when required to do so by the law and regulations of the Postal Service, and upon demand and order of the Postal Service, directly and through a duly authorized officer and agent.

(Title 18, United States Code, Sections 1711 and 3551 et seq.)

Section 1711 of Title 18 provides, in relevant part:

Whoever, being a Postal Service officer or employee, loans, uses, pledges, hypothecates, or converts to his own use, or deposits in any bank, or exchanges for other funds or property, except as authorized by law, any money or property coming into his hands or under his control in any manner, in the execution or under color of his office, employment, or service, whether or not the same shall be the money or property of the United States; or fails or refuses to remit to or deposit in the Treasury of the United States or in a designated depository, or to account for or turn over to the proper officer or agent, any such money or property, when required to do so by law or the regulations of the Postal Service, or upon demand or order of the Postal Service, either directly or through a duly authorized officer or agent, is guilty of embezzlement[.]

Section 1711 can, therefore, be violated by, inter alia, conversion of postal funds to a

postal employee's own use, and also by failure to account for or turn over such funds when

required to do so by law or the regulations of the Postal Service, or upon demand or order of the

Postal Service. This is plainly what Count One of the Superseding Indictment charges. It is well-established that "indictments worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof of either of the conjoined means of violating the act." United States v. Schiff, 801 F.2d 108 (2d Cir. 1986) (rejecting defendant's contention that it was error to charge the jury that they could convict if they found the defendant had violated the statute by any one of three means specified in the indictment). Count One of the Superseding Indictment charges knowing and intentional (1) conversion of over $1,000 "and" (2) failure to account for and turn over such money when required to do so. Per *Schiff*, the jury may find the defendant guilty of violating the statute if it finds that she violated in either of those two ways. See also United States v. Astolas, 487 F.2d 275, 280 (2d. Cir. 1973) (stating that "[a]n indictment may charge alternate ways of violating a statute in the conjunctive, and a conviction under such an indictment will be sustained if the evidence justifies a finding that the statute was violated in any of the ways alleged.").

Defendant contends, however, that Count One of the Superseding Indictment "tracks the statutory elements of conversion of funds." (Def. Mem. at 6.) According to the defendant's reading of Count One, all of the text following the phrase "to wit" constitutes a set of factual allegations about how the conversion was allegedly carried out. (Doc. No. 37, Def. Reply at 2-3). The court disagrees. The phrase, "to wit: an amount in excess of $1,000 of United States currency," merely quantifies and describes the money and property that defendant allegedly converted, and failed and refused to account for and turn over.

Under defendant's parsing of Count One, conversion is the only means of embezzlement charged in the Superseding Indictment. Id. at 2. Yet, defendant concedes that the Superseding

Indictment "provides factual allegations which support both unlawful conversion as well as failure to account for and turn over such funds." Def. Mem. at 6. Moreover, because the factual allegations in Count One track the statutory language for conversion and failure to account for and turnover funds, defendant's assertion that Count One of the Superseding Indictment fails to provide adequate notice of the charges against her is without merit.

The court notes that Count One of the Superseding Indictment could have omitted the surplus word "did" and instead simply charged that defendant "knowingly and intentionally converted . . . money and property . . . and failed and refused to account for and turn over. . . such money and property." The inclusion of the word "did," is comparable to a minor typographic error. Such errors are "ministerial," may be amended by the Court or the prosecutor, and do not prejudice the defendant by failing to alert her to the charges or a possible double jeopardy defense. United States v. McGrath, 558 F.2d 1102, 1105 (2d Cir. 1977) (collecting cases); see also United States v. Dhinsa, 243 F.3d 635, 667-68 (2d Cir. 2001).

The defendant moves, in the alternative, to strike the "failed and refused to account" language in Count One pursuant to Fed. R. Crim. P. 7(d) as surplusage. As the defendant herself cites in her brief, United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) allows the granting of such a motion only where "the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." The government has notified defendant that it intends to present evidence that the defendant violated § 1171 by both of the means specified in Count One. Accordingly, the "failed and refused to account" language is relevant and non-prejudicial.

## II.    Count Two:  False entries and reports

Count Two of the Superseding Indictment charges, inter alia, that in or about and between

October 2001 and March 2008, defendant "did not accurately record sales transactions in the USPS Point-of-Sale computer system."  The defendant argues that Count Two insufficiently specifies which of the many entries she made during the six-and-a-half year period violated the statute, leaving her unable to adequately prepare to defend herself.  In the alternative, the defendant makes an admittedly untimely request for a bill of particulars, baldly claiming that the "discovery received from the government has not adequately stated every instance constituting a criminal act[.]"  (Def. Mem. of Law at 9, fn1.)

An indictment is constitutionally sufficient if it, "first, contains all of the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  United States v. Resendiz-Ponce, 549 U.S. 102 (2007) (quoting  Hamling v. United States, 418 U.S. 87, 117 (1974)).  The statutory language can be used to set forth the elements as long as the words of the statute itself are not ambiguous or uncertain as to the intended offense.  Id.  Where a defendant needs more information to "identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy," the Second Circuit has held that "[g]enerally, if the information sought by defendant is provided in the indictment or in some acceptable alternative form, no bill of particulars is required."  United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  The alternative form in which the information is supplied can be discovery.  See United States v. Rucker, 32 F. Supp. 2d 545, 561 (E.D.N.Y. 1999).

Here, the Superseding Indictment is sufficient on its face because it contains all of the elements of the offense charged and allows the defendant to assert, if appropriate, a double

jeopardy defense. Moreover, the government has provided the defendant with detailed discovery, including but not limited to a line-by-line listing of every transaction involving the defendant, all electronic transaction data involving the defendant, time-stamped video recordings over a four month period, and a summary of the specific transactions that allegedly violate the statute. This discovery adequately notifies the defendant of instances in which she allegedly made false entries and reports and charged in Count Two. The court notes that the defendant has not complained that the discovery is too voluminous to evaluate before trial.

For the all of the foregoing reasons, the defendant's motion to dismiss the Superseding Indictment is denied.

**SO ORDERED.**

Dated: December 5, 2008
      Brooklyn, New York

                                                      /s/
                                          **Kiyo A. Matsumoto**
                                          United States District Judge
                                          Eastern District of New York